IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRYCE EVERETT PETERSON, <br><br> Petitioner, <br><br> vs. <br><br> LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | Cause No. CV 17-19-M-DLC-JCL <br><br><br> ORDER |

This matter comes before the Court on Bryce Everett Peterson's petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Peterson is a state prisoner proceeding pro se.

Peterson filed a Motion to Stay (Doc. 7) asking this Court to hold his habeas petition in abeyance while he pursues an appeal from the denial of his postconviction petition in the Montana Supreme Court. (Doc. 7 at 1). Peterson asserts that his petition presents a "mixed petition" in that it contains both exhausted and unexhausted claims. *Id*. Peterson also explains that his postconviction petition was filed in the state district court with one day remaining under AEPDA's 1-year statute of limitations. *Id*. at 1-2.

Peterson is correct that this Court has the discretion to stay a timely filed

1

"mixed" petition when: the petitioner has good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Ninth Circuit has extended the rationale of *Rhines* and determined that a court's ability to stay and hold in abeyance extends not only to mixed petitions, but also to fully unexhausted petitions. *Mena v. Long*, 813 F. 3d 907, 912 (9th Cir. 2016). The *Mena* court noted that the distinctions between mixed petitions and fully unexhausted petitions are not sufficiently meaningful to warrant different treatment because "[i]n both cases, petitioners who are denied stays run the risk of forever losing federal review of their claims." *Mena*, 813 F. 3d at 911.

A review of the Montana Supreme Court docket reveals that Peterson's appeal is fully briefed and awaiting decision from the Court. See, *Peterson v. State*, No. DA 15-0773, Appellant Reply (filed Feb. 17, 2017).[1] It does not appear that Peterson has engaged in dilatory tactics. Of additional concern is the fact that Peterson may have very little, if any, time remaining on his federal statute of limitations clock. Under these circumstances, it seems Peterson's "interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. Accordingly, a stay is appropriate.

---

[1] Available at: https://supremecourtdocket.mt.gov/search/case (accessed February 21, 2017).

Based on the foregoing, the Court enters the following:

**ORDER**

1. Peterson's Motion to Stay (Doc. 7) is **GRANTED**. This matter will be stayed and held in abeyance in order to allow Peterson to complete the postconviction appeal pending in the Montana Supreme Court.

2. Peterson must file a status report in this Court on or before **April 7, 2017**, to advise the Court of the status of his state court appeal.

<u>Peterson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 21st day of February, 2017.

/*s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge